■ In the Matter of the Claim of ESTHER H. KUHNS, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 750]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a senior machine operator, left her job in December 2003 to care for her husband after he was discharged from the hospital. Her employer explained to claimant the option of taking family medical leave, but she nevertheless chose to quit her job. When she inquired about returning to her job the following March, she was informed that it was not available. The Unemployment Insurance Appeal Board denied her application for unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant now appeals.

We affirm. We note that, absent a medically compelling reason, an employee who leaves employment to care for a sick relative will be considered to have voluntarily left his or her employment without good cause (*see e.g. Matter of Munoz [Commissioner of Labor]*, 301 AD2d 1014 [2003]; *Matter of Perrotta [Hudacs]*, 207 AD2d 934 [1994]; *Matter of Pinto [Manufacturers Hanover Trust—Hudacs]*, 187 AD2d 902 [1992]). Here, there is no evidence that claimant was advised by her husband's physician that she needed to stop working to care for him. Claimant conceded that, although she was told that someone would need to attend to her husband upon his discharge from the hospital, she was unaware of the duration or extent of the care needed. Finally, claimant elected to quit her job rather than accept a medical leave offered by her employer. Under these circumstances, we conclude that substantial evidence supports the Board's decision that claimant voluntarily left her employment without good cause (*see Matter of Pinto [Manufacturers Hanover Trust—Hudacs]*, supra at 903).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.